# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

KEVIN V. DUGAN,
    *Defendant-Appellant.*

No. 08-10579

D.C. No.
5:03-cr-20010-
RMW-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted
August 8, 2011—San Francisco, California

Filed September 20, 2011

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Graber

**COUNSEL**

Eugene G. Illovsky, Palo Alto, California, for the defendant-appellant.

Merry Jean Chan, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

---

**OPINION**

GRABER, Circuit Judge:

We consider the constitutionality of 18 U.S.C. § 922(g)(3), which makes it illegal for "any person . . . who is an unlawful user of or addicted to any controlled substance . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Reviewing de novo, *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir.), *cert. denied*, 131 S. Ct. 294 (2010), we uphold the statute against this Second Amendment challenge.[1]

Defendant Kevin Dugan illegally grew and sold marijuana. He also smoked marijuana regularly. When police officers responded to a report of domestic violence at his home one afternoon, they discovered his marijuana operation and arrested Defendant. Because Defendant also had a business of dealing in firearms, a jury convicted him of, among other things, shipping and receiving firearms through interstate commerce while using a controlled substance, in violation of § 922(g)(3).

**[1]** Defendant argues that § 922(g)(3) runs afoul of the Second Amendment because it deprives him of his constitutional right "to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). But, in *Heller*, the Supreme Court instructed that the Second Amendment right "is not unlimited." *Id.* at 626. In

---

[1]We reject Defendant's other challenges to his conviction in a separate memorandum disposition filed concurrently with this opinion.

particular, the Court told us that "nothing in [its *Heller*] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27. Two of our sister circuits have taken that statement to mean that § 922(g)(3), which embodies a longstanding prohibition of conduct similar to the examples mentioned in *Heller*, permissibly limits the individual right to possess weapons provided by the Second Amendment. *United States v. Yancey*, 621 F.3d 681, 687 (7th Cir. 2010) (per curiam); *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 1027 (2011). We agree.

**[2]** Like our sister circuits, we see the same amount of danger in allowing habitual drug users to traffic in firearms as we see in allowing felons and mentally ill people to do so. Habitual drug users, like career criminals and the mentally ill, more likely will have difficulty exercising self-control, particularly when they are under the influence of controlled substances. Moreover, unlike people who have been convicted of a felony or committed to a mental institution and so face a lifetime ban, an unlawful drug user may regain his right to possess a firearm simply by ending his drug abuse. The restriction in § 922(g)(3) is far less onerous than those affecting felons and the mentally ill. *Yancey*, 621 F.3d at 686-87. Because Congress may constitutionally deprive felons and mentally ill people of the right to possess and carry weapons, we conclude that Congress may also prohibit illegal drug users from possessing firearms.

AFFIRMED.